NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5271-14T1

DANNY GLENN,

 Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

 Respondent.

________________________________________________________________

 Submitted February 28, 2017 – Decided July 21, 2017

 Before Judges Messano and Espinosa.

 On appeal from the Board of Trustees of the
 Public Employees' Retirement System,
 Department of Treasury.

 Danny Glenn, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Melissa Dutton
 Schaffer, Assistant Attorney General, of
 counsel; Robert E. Kelly, Deputy Attorney
 General, on the brief).

PER CURIAM

 For the period from May 1, 1985 until October 12, 2006,

petitioner Danny Glenn was employed as a Public Works Inspector
for the Township of Irvington (Irvington) and was a member of the

Public Employees' Retirement System (PERS). Pursuant to N.J.S.A.

43:15A-38, an employee who has completed ten years of service but

separates from employment before reaching retirement age may

receive retirement benefits, provided the employee's separation

is "not by removal for cause on charges of misconduct or

delinquency." Petitioner's application for deferred retirement

was denied on that ground and he now appeals from that decision.

We affirm.

 I.

 In July 2006, Irvington issued a preliminary notice of

disciplinary action seeking petitioner's removal on charges of

incompetency, inefficiency or failure to perform duties, N.J.A.C.

4A:2-2.3(a)(1); insubordination, N.J.A.C. 4A:2-2.3(a)(2);

inability to perform duties, N.J.A.C. 4A:2-2.3(a)(3); conduct

unbecoming a public employee, N.J.A.C. 4A:2-2.3(a)(6); neglect of

duty, N.J.A.C. 4A:2-2.3(a)(7); and other sufficient cause: false

swearing related to the issuance of summonses and feigning

sickness, N.J.A.C. 4A:2-2.3(a)(11).

 The charges were based on allegations that petitioner "issued

improper summonses and was not truthful about his actions; failed

to answer a summons to appear in court; refused to complete and

submit reports; called out sick in order to meet with a contractor

 2 A-5271-14T1
at his house; was untruthful to his supervisor; and was guilty of

false swearing of summonses."

 The hearing officer found all of Irvington's factual

assertions were sustained and recommended petitioner be terminated

from his position as housing inspector. Petitioner appealed to

the Office of Administrative Law (OAL). Following a plenary

hearing, the Administrative Law Judge (ALJ) issued an opinion

sustaining all of Irvington's allegations except the charges of

false swearing and feigning sickness and sustained petitioner's

removal. Although its findings varied somewhat from the ALJ's,

the Civil Service Commission (CSC) adopted the ALJ's

recommendation to uphold petitioner's removal, effective October

12, 2006.1

 In February 2014, petitioner filed an application for

deferred retirement. The Board of Trustees of PERS (Board) denied

the application, finding petitioner had been removed "for cause

on charges of misconduct or delinquency," rendering him ineligible

for retirement benefits under N.J.S.A. 43:15A-38.

 Petitioner appealed the Board's decision, thereby requesting

a hearing before the OAL. Finding there were no disputed issues

1
 Petitioner's appeal from the CSC's determination, Docket No. A-
3094-09T1, was dismissed for failure to prosecute the appeal and
his motion to vacate the dismissal was also dismissed.

 3 A-5271-14T1
of fact and that the issue was a purely legal question, the Board

denied petitioner's request for a hearing in the OAL and again

concluded N.J.S.A. 43:15A-38 prohibited deferred retirement

benefits to petitioner.

 II.

 In his appeal, petitioner argues the Board erred in

interpreting N.J.S.A. 43:15A-38 because he "did not commit an act

of 'misconduct' or 'delinquency.'" He contends the behavior that

led to his removal was not criminal, and therefore does not

constitute "misconduct or delinquency" under N.J.S.A. 43:15A-38.

We disagree.

 N.J.S.A. 43:15A-38 provides:

 Should a member of [PERS], after having
 completed 10 years of service, be separated
 voluntarily or involuntarily from the service,
 before reaching service retirement age, and
 not by removal for cause on charges of
 misconduct or delinquency, such person may
 elect to receive [deferred retirement
 benefits.]

 [(Emphasis added).]

 The plain language of this statute leaves no room for

discretion by the Board: any member removed as a public employee

for charges of misconduct or delinquency is ineligible to receive

benefits from PERS as a matter of law. The terms "misconduct" or

"delinquency" are not defined. There is, however, no support in

 4 A-5271-14T1
the statute for the interpretation urged by petitioner that the

"charges" must involve acts of criminality, misconduct in office

or egregious conduct.

 Significantly, N.J.S.A. 43:15A-17(a) authorizes the Board to

interpret and implement N.J.S.A. 43:15A-38. Courts generally give

deference "to the interpretation of statutory language by the

agency charged with the expertise and responsibility to administer

the scheme . . . 'unless the interpretation is "plainly

unreasonable."'" Acoli v. N.J. State Parole Bd., 224 N.J. 213,

229, 230 (quoting In re Election Law Enf't Comm'n Advisory Op. No.

01-2008, 201 N.J. 254, 262 (2010)), cert. denied, ___ U.S. ___,

137 S. Ct. 85, 196 L. Ed. 2d 37 (2016). "If there is any fair

argument in support of the course taken [by the agency] or any

reasonable ground for difference of opinion among intelligent and

conscientious officials, the decision" should not be disturbed.

Lisowski v. Borough of Avalon, 442 N.J. Super. 304, 330 (App. Div.

2015) (alteration in original) (emphasis omitted) (quoting City

of Newark v. Nat. Res. Council in Dep't of Envtl. Prot., 82 N.J.

530, 539, cert. denied, 449 U.S. 983, 101 S. Ct. 400, 66 L. Ed.

2d 245 (1980)), certif. denied, 227 N.J. 374, and certif. denied

and appeal dismissed, 227 N.J. 380 (2016).

 In this case, the CSC relied on recommendations by the OAL

and the CSC's independent evaluation to determine petitioner had

 5 A-5271-14T1
violated numerous subsections of N.J.A.C. 4A:2-2.3(a) that are

general causes for which an employee is subject to discipline,

including removal. N.J.A.C. 4A:2-2.2(a)(1). The Board concluded

that petitioner's persistent violations of the Administrative Code

constituted "misconduct or delinquency." The Board's

interpretation of those words to include the grounds for which

petitioner was removed is not "plainly unreasonable," and as a

consequence, is entitled to our deference. Petitioner was

therefore properly denied retirement benefits pursuant to N.J.S.A.

43:15A-38.

 III.

 Petitioner also argues: the final agency decision is

premature, imposes an unduly harsh penalty and subjects him to

double jeopardy; the Board violated his due process rights by

denying him a plenary hearing before the OAL; and his removal in

2006 violated his constitutional rights and the Conscientious

Employees' Protection Act, N.J.S.A. 34:19-1 to -14. These

arguments lack sufficient merit to warrant discussion in a written

opinion, R. 2:11-3(e)(1)(E), beyond the following brief comments.

 Petitioner's challenge to his 2006 removal, which would, in

any event, be untimely, is not properly before this court. Because

his appeal from that decision was dismissed, petitioner's argument

that the final agency decision is premature lacks merit. Although

 6 A-5271-14T1
petitioner presents a legal argument that his conduct did not

constitute "misconduct" or "delinquency" under N.J.S.A. 43:15A-

38, there is no dispute of material fact that the grounds relied

upon for his dismissal were job-related misconduct and

delinquency. As a result, his argument regarding the denial of a

plenary hearing before the OAL also lacks merit.

 Affirmed.

 7 A-5271-14T1